IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT

2007 JAN 19 A 8 21

CLERK _L. Fluder_
SO. DIST. OF GA.

| | |
|---|---|
| KEVIN BEAMON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) CV 106-149 |
| v. | ) |
| | ) |
| STATE OF GEORGIA, et al., | ) |
| | ) |
| Defendants. | ) |

___

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

___

Plaintiff filed the above captioned case *pro se* pursuant to 42 U.S.C. § 1983. (Doc. no. 1). At the time this case commenced, Plaintiff was incarcerated at the Charles B. Webster Detention Center ("CBWDC") in Augusta, Georgia. Plaintiff sought leave to proceed *in forma pauperis* ("IFP"). (Doc. no. 2). The Court granted this request, contingent upon fulfilling the conditions set forth in the Court's September 29, 2006 Order. (Doc. no. 3). However, as Plaintiff was subsequently released from custody, the Court's November 3, 2006 Order directed that Plaintiff either complete a motion to proceed IFP, as required for non-prisoner litigants, or submit the $350.00 filing fee if he wished to continue with his case. (Doc. no. 6). In response to the Court's November 3, 2006 Order, Plaintiff submitted a proper motion to proceed IFP (doc. no. 7), which the Court has granted in a simultaneously-filed Order.[1]

___

[1] The Clerk's Office erroneously mailed Plaintiff a copy of the form complaint for use by litigants alleging employment discrimination in violation of the Civil Rights Act of 1964. However, the Court's November 3, 2006 Order only required that Plaintiff submit a properly

As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names the following Defendants: (1) the State of Georgia, (2) the Richmond County Sheriff's Department and Medical Staff, (3) Ronald Strength, Sheriff, (4) Charles A. Toole, Sr., Chief Jailor, (5) FNU Hampton, Officer, (6) Doe #1, Nurse, (7) Doe #2, Nurse, (8) Doe #3, Nurse, (9) Doe #4, Nurse, (10) Doe #5, Nurse, and (11) Doe #6, Nurse. (Doc. no. 1, pp. 1, 4). Plaintiff states that he turned himself in on June 26, 2006, presumably, at the Richmond County Law Enforcement Center in Augusta, Georgia. (Id. at 5). The next day, Plaintiff claims that he felt a stinging sensation and noticed some discharge from his penis. (Id.). At this point he began filling out sick call slips. (Id.). After a week's time, when no action had been taken, he started complaining and began filling out grievance forms which were sent to Defendants Toole and Strength. (Id.). Plaintiff was told by jailors that he would be taken to the Health Department.

---

completed motion to proceed IFP. Therefore, although Plaintiff completed the new complaint form, including the section entitled "Nature of Alleged Discrimination," the Court will not construe this as an attempt to amend his complaint. (See doc. no. 7, pp. 3-6). Rather, the Court will screen Plaintiff's original complaint.

About a week later, Plaintiff was transferred to the CBWDC in Augusta, Georgia. (Id.). Plaintiff states that when he arrived at the CBWDC, he filled out a sick call slip and was seen by medical staff that night. (Id.). Plaintiff was told he had a sexually transmitted disease ("STD") and was given a shot in his left buttock. (Id.). Plaintiff was taken to the Health Department on August 10, 2006, and was diagnosed with two STDs, gonorrhea and chlamydia. (Id. at 5-6).

Plaintiff further states that around August 10, 2006, he started developing a bump on his face. (Id. at 6). He began filling out sick call slips. (Id.). Plaintiff states that the bump grew larger, to about the size of a thimble. (Id.). Plaintiff was eventually seen by a physician who lanced the bump, which was diagnosed as a staph infection, and then packed the wound. (Id.).

Plaintiff states that there is still a mark on his face where the infection developed. (Id.). Jailors claim the infection healed properly, but Plaintiff believes otherwise. Plaintiff states that both ailments caused him pain, and he was "only getting Motrin or Ibuprohin [sic]" for this pain. (Id.). Plaintiff alleges that his rights were violated because by the time he was examined by medical staff, both of his conditions had gotten progressively worse.

## II. SCREENING OF COMPLAINT

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (internal quotation omitted). Thus, under the Eighth Amendment, prisoners have a right to receive medical treatment for illness and injuries. See id. at 103-05. To state a viable claim for deliberate indifference a prisoner must allege facts

3

which demonstrate: (1) an objectively serious medical need, and (2) that Defendants acted with deliberate indifference to that need. Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004).

To show that Defendants were deliberately indifferent to his needs, Plaintiff must allege facts which demonstrate that Defendants: (1) were subjectively aware of a serious risk to Plaintiff's health, and (2) that Defendants disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Id. In this regard, it should be recognized that the mere fact that a prisoner "may have desired [a] different mode[] of treatment" does not give rise to a claim for deliberate indifference. Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985). "Where a prisoner has received . . . medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments." Id. (citation omitted). Put another way, a mere difference in opinion between prison medical officials and the inmate as to the latter's diagnosis or course of treatment will not support a claim of cruel and unusual punishment. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991); Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989).

The Court also emphasizes that "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal quotation and citation omitted). Furthermore, the Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris, 941 F.2d at 1510 (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). Only a

4

showing of <u>deliberate indifference</u> gives rise to a constitutional injury. As the Supreme Court has explained:

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 105-06.

### A. Plaintiff's Staph Infection

With regard to the bump which developed on Plaintiff's face, it is questionable whether Plaintiff has presented an objectively serious medical need upon which the failure to provide medical attention for a short time period amounts to cruel and unusual punishment. See, e.g., Shabazz v. Barnauskas, 790 F.2d 1536, 1538 (11th Cir.1986) ("pseudofolliculitis barbae," or "shaving bumps," is not a serious medical need); Dickson v. Colman, 569 F.2d 1310, 1311 (5th Cir. 1978) (finding that plaintiff's high blood pressure and shoulder injury were not serious medical needs where plaintiff had full range of motion in his shoulder despite continuing pain from a five-year-old injury). It appears that Plaintiff simply developed some type of boil, resulting from a staph infection. This condition was treated by medical staff after Plaintiff submitted a sick call slip. Thus, regardless of the seriousness of Plaintiff's condition, the fact that Plaintiff may dispute the medical staff's course of treatment does not support a claim of cruel and unusual punishment based upon deliberate indifference to a serious medical need. Harris, 941 F.2d at 1505. Plaintiff states that the boil was lanced and treated by medical staff following Plaintiff's complaints, and the

fact that this sore may have increased in size somewhat before he received treatment is insufficient to state a cause of action under § 1983.

**B. Defendants Not Mentioned in the Statement of Claim**

Although Plaintiff names the State of Georgia,[2] the Richmond County Sheriff's Department and Medical Staff,[3] FNU Hampton, and six nurse "Does" as Defendants, these entities or persons are not even mentioned anywhere in the statement of claim. (Id. at 1, 5). As such, Plaintiff has not set forth any allegations indicating that these Defendants violated his rights. Thus, Plaintiff has failed to state a claim upon which relief may be granted against Defendants State of Georgia, Richmond County Sheriff's Department and Medical Staff, FNU Hampton, Doe #1, Doe #2, Doe #3, Doe #4, Doe #5, and Doe #6.

**C. Claims Against Sheriff Strength and Claims for Injunctive Relief**

Plaintiff states that he complained and filled out grievance forms regarding his STDs, which were delivered to Defendant Sheriff Strength, but his condition was left untreated. (Doc. no. 1, p. 5). In Georgia, the Sheriff acts in his official capacity regarding the administration of a county jail. See Purcell ex rel. Estate of Morgan v. Toombs County, 400 F.3d 1313, 1324-25 (11th Cir. 2005). As such, claims for monetary damages against the

---

[2] Furthermore, a state is immune from suit under the Eleventh Amendment unless it has consented to suit or waived its immunity. Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 239-40 (1985).

[3] Additionally, the Court notes that with regard to this Defendant, Plaintiff must sue the individuals personally involved in the wrongs he alleges or set forth facts which demonstrate that the execution of an official county policy or custom inflicted the injury complained of. See Griffin v. City of Opa-Locka, 261 F.3d 1295, 1307 (11th Cir. 2001). Plaintiff cannot state a claim simply by naming "the Richmond County Sheriff's Department and Medical Staff" as a Defendant.

6

Sheriff regarding the administration of a county jail are claims against an arm of the State. Id. Consequently, such claims are barred by sovereign immunity. Thus, Plaintiff's claims for monetary relief against Defendant Sheriff Strength fail as a matter of law.

Furthermore, Plaintiff has been released from custody, and he is no longer at the Richmond County Law Enforcement Center or the CBWDC. Section 1983 claims seeking injunctive relief are rendered moot when a prisoner is released from the facility where the alleged unconstitutional conduct occurred. See Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988); McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1363 (11th Cir. 1984). Thus, any claims for injunctive relief against Defendant Sheriff Strength, and all other Defendants, were rendered moot upon Plaintiff's release from custody. As such, because Plaintiff's claims for monetary and injunctive relief against Defendant Sheriff Strength fail, Plaintiff fails to state a claim upon which relief may be granted against this individual.[4]

---

[4]The Court also notes that "[s]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999). Thus, unless Sheriff Strength is responsible for processing prisoner grievances or denied Plaintiff's request for treatment after a personal discussion, Defendant Sheriff Strength should also be dismissed on this alternative ground.

7

### III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Defendants State of Georgia, Richmond County Sheriff's Department and Medical Staff, FNU Hampton, Doe #1, Doe #2, Doe #3, Doe #4, Doe #5, and Doe #6 be **DISMISSED**, and that Plaintiff's Eighth Amendment claim based upon the staph infection bump and claims for injunctive relief also be **DISMISSED**.[5]

SO REPORTED and RECOMMENDED on this 19th day of January, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court has directed that process shall be effected upon Defendant Chief Jailor Charles A. Toole, Sr., only for the claim specifically set forth in a simultaneously filed Order.